IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KELVIN CAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 1:10-CV-109 (WLS) |
| | : | |
| JOSEPH BADEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on August 12, 2010. (Doc. 1). Presently pending in this action are Defendants' Motions to Dismiss. (Docs. 21, 24). As of the date of this Recommendation, Plaintiff has not filed a response to either of Defendants' Motions to Dismiss.

**Factual Background**

Plaintiff, who was incarcerated at Calhoun State Prison ("CSP") when he initiated this lawsuit, alleges that Defendants were deliberately indifferent to Plaintiff's serious medical need, violating his Eighth Amendment rights. (Doc. 1). Plaintiff asserts that he suffers from severe complications from a "compact fracture open wound" in his leg. Specifically, Plaintiff claims that he has contracted a bone infection, gangrene of the muscles and tissues, and greenish and brownish fluids are flowing from his wound.

Plaintiff alleges that he was seen by an orthopedic surgeon at Augusta State Medical Prison ("ASMP"), and was told he needed to have surgery soon or he would risk losing his leg. Plaintiff states that Defendants, all employees at CSP at the time of the alleged unconstitutional actions,

1

blocked his surgery and treated him with antibiotics, which were not helpful for a compact fracture. Plaintiff states that, due to the deliberate indifference of Defendants, he is in pain and faces losing one of his limbs.

*Defendants' First Motion to Dismiss (Doc. 21)*

Defendants filed their first Motion to Dismiss on March 7, 2011, stating that this action should be dismissed, among other reasons, for Plaintiff's failure to state a claim upon which relief can be granted. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Defendants maintain that the Complaint fails to state a claim of deliberate indifference to Plaintiff's serious medical need against Defendants. (Doc. 21-1). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court

does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, the Plaintiff must establish that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, the Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective

knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

Herein, Defendants initially assert that Plaintiff's Complaint fails to allege that Defendants had any subjective knowledge of Plaintiff's medical condition. (Doc. 21-1).  Further, Defendants maintain that Plaintiff is attempting to hold them vicariously liable, which is impermissible in a § 1983 action.  Plaintiff appears to specifically allege the following three claims: (1) Defendants have attempted to block Plaintiff from having a surgery which is necessary to save his leg; (2) Defendants D. Edwards and Cross failed to take action against a subordinate who failed to provide Plaintiff with medical care; (3) Defendants D. Edwards, Cross, Ayers, and L. Edwards misdiagnosed Plaintiff's injuries and provided negligent medical care to Plaintiff. (Docs. 1, 5, 14).

*Blocked Surgery*

Plaintiff has provided a one sentence allegation that Defendants attempted to block Plaintiff from a surgery that is necessary to prevent the loss of Plaintiff's leg.  Plaintiff, however, fails to state any factual information to support this claim.  Plaintiff does not include facts which show that Defendants had any knowledge of Plaintiff's need for the surgery, nor that Defendants took any action to block the surgery.  The Complaint merely alleges a conclusory, "the defendant harmed me" statement regarding Defendants' alleged attempt to block Plaintiff's surgery, and thus, fails to state a claim upon which relief can be granted.

Plaintiff also alleges that Defendants will not provide Plaintiff with the surgery in order to save the state money.  (Doc. 1).  Plaintiff, however, fails to expand on this allegation.  The Complaint contains no factual support to show that Defendants told Plaintiff that he could not have surgery because of the expense, or because the state needed to save money.  Plaintiff has merely

made a blanket accusation that he has not had the surgery he allegedly needs because of the cost. Furthermore, Plaintiff filed a Supplement to the Complaint on January 3, 2011, which states that Plaintiff has received two surgeries on his leg since filing his Complaint. (Doc. 14). Thus, it appears Plaintiff has received the surgeries he complained he would not receive. Plaintiff's claim that he was denied surgery in order to save the state money fails to provide more than a conclusory statement, which is itself contradicted by Plaintiff's second Supplemental Complaint, and therefore, fails to state a claim.

As the Complaint fails to allege facts that create a cause of action regarding the claim that Defendants blocked Plaintiff from surgery, it is the recommendation of the undersigned that this claim be dismissed. *See Iqbal*, 129 S.Ct. at 1949 (a complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement" (internal quotations omitted)).

This appears to be the only claim alleged against Defendant Baden, the Warden at CSP, and Defendant Whatley, the CSP medical administrator. As the undersigned has determined that Plaintiff has not sufficiently plead a claim for the blocked surgery, there is no claim remaining against Defendants Baden and Whatley. Therefore, it is the recommendation of the undersigned that Defendants Baden and Whatley be dismissed.

*Vicarious Liability*

Plaintiff alleges that Defendant Dedra Edwards[1], a retired administrative assistant at CSP, and Defendant Cross, a deputy warden at CSP, were deliberately indifferent when they failed to take action against a subordinate who was not providing Plaintiff with sufficient medical care.

---

1 Defendants' Motion refers to Defendant Dedra Edwards. While Plaintiff's pleadings refer to Defendant Deidra Edwards, Plaintiff and Defendants appear to be referring to the same Defendant. Thus, the Court will presume that both Plaintiff and Defendants are referring to Defendant Dedra Edwards.

A supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Plaintiff appears to allege that these two Defendants had knowledge of Plaintiff's injuries based solely on information contained in grievances and letters. Plaintiff states that Defendants D. Edwards and Cross were aware of their "subordinates' (sic) failure to treat [Plaintiff's] medical needs through at least 2 letters and 5-8 grievance[s.]" (Doc. 1, p. 18). These allegations are insufficient to allege a claim of deliberate indifference because filing grievances and letters does not alone show that a supervisor had subjective knowledge. *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Logue, Jr. v. Chatham County Detention Center*, 2010 WL 5769485, *4 (S.D. Ga. Dec. 29, 2010) (filing grievances with a supervisor "does not alone make the supervisor liable"); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (holding that letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm); *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

As grievances and letters are insufficient so show that a supervisor had subjective knowledge of a substantial risk of harm to Plaintiff, Plaintiff has failed to sufficiently plead that Defendants D.

Edwards and Cross had subjective knowledge of Plaintiff's medical need.[2]  Therefore, it is the recommendation of the undersigned that the claims against Defendants D. Edwards and Cross for failing to take action based on information contained in a grievance be dismissed as Plaintiff has failed to state a claim upon which relief can be granted.

*Medical Negligence*

Plaintiff also appears to allege that Defendants D. Edwards, Cross, Dr. Ayers, the medical director at CSP, and L. Edwards, a physician's assistant at CSP, were deliberately indifferent to Plaintiff's medical needs by identifying his medical problem as "light" when it was serious, and by giving him antibiotics to treat a bone infection.  (Doc. 1).

"A [defendant's] intentional denial or delay of medical care is evidence of deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir 1990).  However, deliberate indifference entails more than mere negligence, and must be more than a medical judgment call or an inadvertent failure to provide medical care. *Estelle*, 429 U.S. at 106; *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980).  An inmate who receives adequate medical care, but disagrees with the mode or amount of treatment has also not established deliberate indifference. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991).  Medical negligence, medical malpractice, or disagreements over the method of treatment are not sufficient to state a claim of deliberate indifference. *Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006) ("[t]he facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment"); *Waldrop v. Evans*, 871 F.2d 1030,

---

2 In the Complaint, Plaintiff states that Defendant D. Edwards rejected all of Plaintiff's informal grievances.  To the extent that Plaintiff is attempting to allege that Defendant D. Edwards violated Plaintiff's constitutional rights by denying grievances, this claim must fail. A claim alleging denial of a grievance is insufficient to state a claim of relief under § 1983.  *See Lee v. Georgia Dept. of Corrections*, 2008 WL 655996, *3 (N.D. Ga. March 7, 2008).

1033 (11th Cir. 1989) ("a simple difference in medical opinion" does not constitute deliberate indifference).

Plaintiff first complains that Defendants D. Edwards, Cross, Ayers, and L. Edwards said that Plaintiff's serious compact fracture was "light" and Plaintiff was not in need of an operation. (Doc. 1). Plaintiff maintains that these Defendants "really think they can fill [Plaintiff] up with antibiotic sulfrim capsule[s] & indomethacin capsule[s]" and his leg will heal. (*Id.* at p. 16). Plaintiff asserts that he disagrees with this treatment method, and believes that these Defendants are negligent.

Plaintiff specifically states that his claim against these Defendants is that they acted with negligence. Plaintiff alleges that these Defendants believe the medication will heal Plaintiff's leg, and thus, believe they are providing Plaintiff with appropriate medical care. If this method of treatment is incorrect, Plaintiff has, at most, plead medical negligence. As a claim regarding method of treatment or medical negligence does not establish a constitutional violation, the undersigned recommends that the claims against Defendants D. Edwards, Cross, Ayers, and L. Edwards for improperly providing Plaintiff with antibiotics, rather than surgery, be dismissed. *See Barnes v. Martin County Sheriffs Dept.*, 326 Fed. Appx. 533, 536 (11th Cir. 2009) (finding that the defendants were not deliberately indifferent to an inmate's medical needs when the defendants provided the inmate with adequate medical treatment, regardless of the inmate desiring a different method of treatment); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (finding "that plaintiff must show more than mere negligence to establish a violation of the Eighth Amendment").

Plaintiff makes additional claims against Defendant L. Edwards for failing to provide Plaintiff with surgery that is necessary to prevent the loss of his leg. (Doc. 1). Plaintiff alleges that Defendant L. Edwards incorrectly diagnosed Plaintiff with a staph infection, and continually treated

Plaintiff with antibiotics. Further, Plaintiff alleged that Defendant L. Edwards had no understanding of what was going on with Plaintiff's fracture. (*Id.* at p. 8). Plaintiff maintains that Defendant L. Edwards is deliberately indifferent because Defendant L. Edward's opinion regarding the appropriate treatment for Plaintiff differs from Plaintiff's opinion. (*Id.* at p. 17). Additionally, Plaintiff appears to state that Defendant L. Edwards committed medical malpractice by failing to treat Plaintiff's injury in a manner that Plaintiff deemed to be satisfactory. (*Id.* at p. 19). Plaintiff states that he would like Defendant L. Edwards to stop being negligent in his treatment of Plaintiff and to stop overlooking Plaintiff's bone infection. (Doc. 1; case number 1:10-CV-137 (WLS), Doc. 3)[3].

Additionally, Plaintiff admits that he is receiving treatment from Defendant L. Edwards. Plaintiff states that Defendant L. Edwards performed at least two culture tests on his leg, two MRIs, three blood tests, and sent Plaintiff to a warehouse to be fitted for a boot. (*Id.*). Plaintiff also complains of "surprise" rides to ASMP, where he was seen by specialist doctors, such as a plastic surgeon. Plaintiff alleges that Defendant L. Edwards is providing him with antibiotics in an attempt to treat the infection in his leg. Further, on January 3, 2011, Plaintiff updated the Court with an additional Supplement to his Complaint. (Doc. 14). In that Supplement, Plaintiff states that he has received two surgeries, on October 28, 2010 and November 4, 2010, to drain gangrene from his leg and perform a bone scrape. (*Id.*).

The Complaints and supplemental documents allege that Defendant L. Edwards treated Plaintiff's injury, but that the treatment was not the method desired by Plaintiff. According to Plaintiff, Defendant L. Edwards has continually provided Plaintiff with medication, administered blood tests and culture tests, ordered MRIs, equipped Plaintiff with a boot, and sent Plaintiff to

---

3 Plaintiff filed an additional case alleging the same facts as the above-styled case. On October 12, 2010, the district judge consolidated this case with case number 1:10-CV-137 (WLS) (M.D. Ga.).

specialists.  The allegations show that Defendant L. Edwards has provided significant treatment to Plaintiff, and therefore, fail to state a claim of deliberate indifference to a serious medical need.  If Defendant L. Edwards has misdiagnosed Plaintiff's injury, Plaintiff has, at most, plead medical negligence, not deliberate indifference.  *See Barnes*, 326 Fed. Appx. at 535 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." (internal quotes omitted)).  Thus, it is the recommendation of the undersigned that the claims against Defendant L. Edwards for providing negligent medical care be dismissed.

*Conclusion*

The undersigned finds that Plaintiff has failed to state a claim for which relief can be granted as to the claim of deliberate indifference to a serious medical need against all Defendants. Accordingly, it is the recommendation of the undersigned that Defendants' first Motion to Dismiss (Doc. 21) be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Defendants' Second Motion to Dismiss (Doc. 24)***

Defendants filed a second Motion to Dismiss on August 15, 2011, asserting that Plaintiff's Complaint should be dismissed because Plaintiff has failed to prosecute this action and failed to follow a Court Order by keeping the Court informed of his current address.  As the undersigned has recommended dismissal of this action based on Plaintiff's failure to state a claim upon which relief can be granted, the undersigned recommends that Defendants' second Motion to Dismiss (Doc. 24) be deemed to be moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 12th day of January, 2012.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf